UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

QUINN MORGAN HENIGAN
and STORAGE DEVICE CREDIT
COUNSELING,

Plaintiffs,

Case No. 26-cv-1237-bhl

v.

CCAP WI CASE CONSOLIDATION
CLERK OF COURT,

Defendant.

## SCREENING ORDER

On July 14, 2026, Plaintiff Quinn Henigan filed this federal lawsuit, along with a motion to proceed without prepayment of the filing fee or *in forma pauperis* (IFP).  (ECF Nos. 1 & 2.) Because Henigan's complaint is incomprehensible and frivolous, it will be dismissed.  *See* 28 U.S.C. §1915(e)(2); *see also Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) ("A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'") (quoting *Jones v. Morris*, 777 F.2d 1277, 1279–80 (7th Cir. 1985)).

Henigan lists himself as plaintiff along with "Storage Device Credit Counseling."  (ECF No. 1 at 1.)  There is no explanation for the inclusion of the second plaintiff.  He purports to sue "CCAP WI Case Consolidation Clerk of Court."[1]  (*Id.*)  He separately identifies the defendant as "Harddrive Sofware Agent" which he describes as a citizen of the "Internet" residing at "competer API."  (*Id.* at 1–2.)  In stating his claim, Henigen asserts that "[a]ll historical data is false" and that he is "missing a credit counseling certificate from American Bar Association."  (*Id.* at 2.)  For relief, he requests a "credit counseling certificate signed by Judge."  (*Id.* at 4.)

---

[1] CCAP is a Wisconsin-run website documenting cases throughout the state.  *See* Wis. Ct. System, https://www.wicourts.gov/casesearch.htm (last visited July 17, 2026)*.*  It is not an entity or person and is therefore not a proper defendant.

These allegations are nonsensical and do not state a cognizable claim for relief. A complaint's allegations must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Each defendant is entitled to know what he or she did that is asserted to be wrongful."). It is unclear from Henigan's complaint what cause of action he could have or how the proper defendant could be liable for his claim. The relief he requests is also not relief the Court offers. Because his complaint is frivolous, it will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED as moot**. The case is **DISMISSED**. The Clerk of Court is instructed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, on July 17, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge